J-A30002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ISAAC DESHANE JONES, | |
| Appellant | No. 338 EDA 2013 |

Appeal from the Judgment of Sentence September 12, 2012
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0012414-2011

BEFORE: LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 31, 2014**

Appellant, Isaac Deshane Jones, appeals from the judgment of sentence imposed after his conviction, following a non-jury trial, of possession of a controlled substance with the intent to deliver and possession of a controlled substance.[1]  Specifically, Appellant contests the denial of his pre-trial motion to suppress narcotics seized incident to his arrest.  After careful review, we hold that the trial court properly determined that there was probable cause to arrest Appellant.  The court properly denied suppression.  Accordingly, we affirm.

The trial court summarized the factual history of this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and (16), respectively.

The only evidence taken at the suppression hearing was that of Police Officer Andre Simpson, badge number 4108, a Narcotics Enforcement Officer in the 35th Police District.

Officer Simpson testified that on October 14th, 2011, at approximately 10:24 a.m., following complaints of numerous drug sales, he conducted a narcotics surveillance in the area of the 1400 Grange, 1400 Clearview, and the 5800 and the 5700 block of Broad Street, in the City and County of Philadelphia.

He identified it as a high narcotics area, especially the immediate area, as being an area known for heroin sales. He also identified the area as having a methadone clinic in the immediate vicinity of [the] surveillance area and located in the 5800 block of Old York Road. Officer Simpson testified that he has personally made numerous narcotics arrests at this location, predominantly in the morning hours, for heroin sales.

Officer Simpson testified that he was a police officer at that time for approximately ten years and with the Narcotics Enforcement Team since 2007. He also testified that he had conducted over 1,000 surveillances for drug transactions and made 700 to 800 narcotics arrests in his career. He had previously set up approximately 200 surveillances in this specific location.

Officer Simpson testified that he had observed [Appellant] standing on the corner of the 1400 block of Clearview Street and observed [Appellant] approach a number of pedestrians. He further observed [Appellant] reach into his pocket and show these individuals something from a closed fist to an open fist motion. [Officer Simpson] also testified that he observed no actual transactions take place between [Appellant] and any of those individuals whom he had approached. Of particular note for the purposes of this motion was the fact that [] Officer Simpson testified that [Appellant] was only approaching individuals that he either knew to be heroin addicts or those going into or leaving this aforementioned methadone clinic.

After approximately [fifteen] to [twenty] minutes of surveillance, Officer Simpson saw [Appellant] leaving the area. At that point, he radioed his back-up team to stop [Appellant] after providing them with [Appellant's] description. [Appellant] was stopped approximately two blocks away from the area.

- 2 -

Recovered from [Appellant] were [twenty] packets of heroin, [fifty-four] Xanax pills and $149.00 in U.S. currency. All were placed on property receipts. [Appellant] was taken into custody at that time.

(Trial Court Opinion, 3/14/14, at 4-5) (footnote and record citations omitted).

The trial court denied Appellant's motion to suppress, after a hearing, on July 23, 2012 and immediately held a non-jury trial, convicting him of the drug charges. On September 12, 2012, the sentencing court sentenced Appellant to not less than two-and-one-half nor more than five years' incarceration, followed by two years' probation.

On September 24, 2012, Appellant filed a post-sentence motion. The court denied Appellant's motion by operation of law on January 23, 2013. Appellant timely appealed on January 30, 2013.[2]

Appellant raises the following question for our review:

[Whether] the trial court err[ed] in denying [his] motion to suppress physical evidence, as [he] was arrested and subjected to a full custodial search without probable cause?

(Appellant's Brief, at 3).

_____

[2] Due to a delay in receiving the notes of testimony, Appellant requested, and the trial court granted, an extension within which to file his Rule 1925(b) statement. Appellant failed to file his statement. However, Appellant filed a motion with this Court to remand the matter to permit the filing of his Rule 1925(b) statement upon receipt of the notes of testimony. On September 23, 2013, this Court granted Appellant's motion and, through counsel, he timely filed a Rule 1925(b) statement on February 5, 2014. The trial court entered its Rule 1925(a) opinion on March 14, 2014. **See** Pa.R.A.P. 1925.

It is well-settled that:

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. . . . [W]e must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Those properly supported facts are binding upon us and we may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (citations and quotation marks omitted).

Here, Appellant asserts that "the trial court erred in denying [his] motion to suppress[.]" (Appellant's Brief, at 8 (capitalization omitted)). Specifically, he argues that "[t]he arrest and search [were] illegal . . . [because] there was no probable cause [to arrest him] based on the officer's observations." (*Id.*). We disagree.

Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

\* \* \*

The time is important; the street location is important; the use of a street for commercial transactions is important; the number of such transactions is important; the place where the small items were kept by one of the sellers is important;

> the movements and manners of the parties are important. [**Commonwealth v. Lawson**, 309 A.2d 391, 394 (Pa. 1973)].
>
> *    *    *
>
> . . . [A] police officer's experience may fairly be regarded as a relevant factor in determining probable cause. . . . [A] court cannot simply conclude that probable cause existed based upon nothing more than the number of years an officer has spent on the force. Rather, the officer must demonstrate a nexus between his experience and the search, arrest, or seizure of evidence.

**Thompson**, **supra** at 931-32, 935 (citations, quotation marks, footnote, and emphasis omitted).

Here, the record reflects that Officer Simpson, an experienced narcotics officer, had probable cause to arrest Appellant. In response to numerous complaints of drug sales, Officer Simpson conducted a narcotics surveillance in a known high narcotics area in close proximity to a methadone clinic. (**See** N.T. Suppression Hearing/Trial (Waiver), 7/23/12, at 7, 12). He had previously conducted approximately 200 surveillances in the same area and personally made numerous arrests in the morning hours for heroin sales. (**See id.** at 7, 12-13). On the particular morning at issue, Officer Simpson observed Appellant standing at the corner of the 1400 block of Clearview Street. (**See id.** at 6-8). Appellant approached several pedestrians; individuals Officer Simpson recognized as heroin addicts and/or going to and from the methadone clinic. (**See id.** at 8-9, 13-14, 19). Appellant reached into his pocket and showed them an item in his hand using a closed fist to open fist motion; behavior Officer Simpson recognized

as a method often used in narcotic street transactions. (**See id.** at 8, 14-16, 23-26). Although Officer Simpson did not witness an actual transaction, the Appellant's mannerisms, time of day, and location led him to believe that Appellant was trying to sell heroin. (**See id.** at 13-18, 22-24). After approximately fifteen to twenty minutes, Appellant left the area and Officer Simpson radioed the back-up team to stop him. (**See id.** at 9, 15, 23).

Accordingly, under the totality of the circumstances test, Officer Simpson had probable cause to arrest Appellant. **See Thompson**, **supra** at 931-32, 935. Therefore, we conclude that the trial court did not err in denying Appellant's pre-trial motion to suppress narcotics seized incident to his arrest. **See id.** at 931. Appellant's issue lacks merit.

Judgment of sentence affirmed.

Judge Mundy joins the Memorandum.

Judge Lazarus files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/31/2014